STATE, WILLIAM CLOSSON, PROSECUTOR, v. THE BOARD OF LICENSE AND EXCISE OF THE CITY OF TRENTON.

The act to establish a license and excise department in certain cities containing more than fifteen thousand inhabitants, and in which the granting of licenses is not already vested in a board of excise or in the Court of Common Pleas, (*Pamph. L.* 1880, *p.* 191,) is local and special, and therefore unconstitutional.

On *certiorari* to the board of excise of the city of Trenton, bringing up the proceedings of said board in the matter of the application of James V. Crawford, to sell strong, spirituous and malt liquors.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the prosecutor, *William M. Lanning.*

For the defendants, *Andrew Jas. Smith.*

The opinion of the court was delivered by

REED, J. This writ brings up the proceeding of the board of license and excise of the city of Trenton, in granting a license to one James V. Crawford, to sell strong, spirituous and malt liquors at a certain place in the city of Trenton. The board is organized under the provisions of an act to establish a license and excise department in certain cities. *Pamph. L.* 1880, *p.* 191. One of the reasons filed attacks the constitutionality of this act.

The ground upon which the alleged unconstitutionality was placed was its conflict with that clause of the amended constitution which proscribes the passage of local or special legislation regulating the internal affairs of towns and counties.

The act provides that it shall be lawful for any city in this state, containing more than fifteen thousand inhabitants, to provide by ordinance for a department to be called the license and excise department. It then provides for the organization of the board, and that the compensation, duties, and rules and regulations of the board, and the penalties to be inflicted upon those who violate them, shall be fixed by ordinance.

It finally contains a proviso that the provisions of the act shall not apply to any city in which the granting of such licenses is now vested in a board of excise or excise commissioners, or in any city where the Court of Common Pleas now grants licenses.

This legislation is, in my judgment, clearly special. There can be no reason suggested why cities with more than fifteen thousand inhabitants should have a system of granting licenses differing from that of cities with a less population. In respect to the subject matter of the legislation, all cities are a class, and an attempt to segregate cities into distinct classes for this purpose by a standard of population is not classification, but an arbitrary selection of one or more localities for legislation. This legislation is, in respect to this feature, similar to the act of 1883, providing that in boroughs of the third class the licensing power should be in the Courts of Common Pleas. The last act was pronounced unconstitutional in the case of

*Hightstown* v. *Glenn,* 18 *Vroom* 105. The vice of that act was declared to consist in an attempt to classify municipalities upon the basis of population for the purpose of that legislation.

In both acts an attempt was made to establish for some municipalities having populations of a certain size a peculiar method of granting licenses. Each is vicious constitutionally in respect to the local and special character of its provisions.

But the act is unsound because its operation is further local and special in another particular. The limitation of its operations is not merely to cities containing more than fifteen thousand inhabitants, but to only those cities of this group in which there was not already a board of excise or excise commissioners, or wherein licenses were not granted by the Court of Common Pleas. It leaves the city of Elizabeth with a board under an act differing from this. It leaves Newark with another board under still another act, and Jersey City and Camden under boards peculiar to each of those cities. The intention of those who passed this act was to take the licensing power from the common councils wherever it had theretofore existed in cities of more than fifteen thousand inhabitants.

But it is perceived that even if the act had not attempted to classify by the standard of population it would yet have left existing certain members of the class with variant methods of exercising the licensing power.

Inasmuch as the granting of licenses is a matter which appertains to all cities, any legislation which deals with the method of granting licenses must apply to all cities, or reduce all cities to a uniform system. *Tiger* v. *Morris Common Pleas,* 13 *Vroom* 631.

That this legislation is of a character regulating the internal affairs of cities has been repeatedly decided.

The action of the board in granting the license is reversed.